UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASAR HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>JOE LIZZARAGA, et al.,<br><br>Defendants. | No. 2:17-cv-1681-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California Department of Corrections and Rehabilitation ("CDCR") inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. He filed this action on August 14, 2017. ECF No. 1. On May 1, 2018, the court determined that plaintiff's complaint alleged a cognizable Eighth Amendment deliberate indifference to medical needs claim against defendant Lisa Clark-Barlow. ECF No. 11. The other defendants listed in plaintiff's complaint were dismissed on February 5, 2018. ECF Nos. 25 & 34. Now, defendant Clark-Barlow has filed a motion for summary judgment ("motion") wherein she argues that plaintiff failed to administratively exhaust the claim against her. ECF No. 39. Plaintiff has filed an opposition to the motion. ECF No. 49.

After review of the pleadings and, for the reasons discussed below, the court concludes that defendant Clark-Barlow's motion should be granted.

////

1

## Legal Standards

### A. Summary Judgment

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National*

*Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

### B. Administrative Exhaustion

The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S. 731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id.* at

1168.  Under this rubric, the defendant bears the burden of demonstrating that administrative remedies were available and that the plaintiff did not exhaust those remedies.  *Id.* at 1172.  If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Id.*  If, however, "a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  *Id.* at 1166.

Analysis

Plaintiff alleges that, on January 16, 2017 and while incarcerated at Mule Creek State Prison, he was bitten by a spider.  ECF No. 1 at 4.  He claims that he brought the bite to Clark-Barlow's attention and she refused to provide him with medical attention.  *Id.*  Plaintiff alleges he went on to experience adverse health effects from the bite, including a high-fever and diarrhea.  *Id.*

Plaintiff filed one administrative grievance – numbered MCSP HC 17050533 – related to the claim against Clark-Barlow.  ECF No. 39-4 at 3, ¶ 9.  That grievance went through three levels of review and received a final administrative denial on August 25, 2017.  *Id.* at 4, ¶ 11; 15-16.  Plaintiff filed the immediate lawsuit approximately eleven days prior to that final denial – on August 14, 2017.  ECF No. 1.  Thus, he failed to comply with the requirements of the PLRA.  *See McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (dismissal without prejudice is the proper course where inmate did not administratively exhaust prior to filing suit in federal court).

Plaintiff offers several unpersuasive arguments addressing exhaustion in his opposition.[1] First, he points out that, in one document appended to Clark-Barlow's motion, there is an inconsistency in dates.  Specifically, the final decision on grievance 17050533 is listed as "due" on August 24, 2017; the same document was not listed as "closed" until August 25, 2017.  ECF No. 39-4 at 9.  Plaintiff claims that this alleged one day inconsistency: (1) raises doubts as to the validity of defendant's dates generally; and (2) waives the exhaustion requirement via prison

---

[1] The handwritten opposition is faded and, in parts, extremely difficult to read. Recognizing the limited litigative resources afforded inmates, the court has done its best to make sense of the arguments contained in that filing.

| | |
|---|---|
| 1 | officials' non-compliance with their own deadlines. ECF No. 49 at 4-6. With respect to the first |
| 2 | point, the documents relied upon by Clark-Barlow are all consistent on the point that matters: |
| 3 | plaintiff's grievance received a final administrative decision on August 25, 2017.[2] The response |
| 4 | itself (ECF No. 39-4 at 15-16), the spreadsheet he relies upon for the foregoing inconsistency (*id.* |
| 5 | at 9), and the declaration of S. Gates[3] all agree on that date (*id.* at 4). Thus, the court is not |
| 6 | persuaded by plaintiff's assertion – otherwise unsupported – that the court should be skeptical of |
| 7 | prison official's date-keeping. With respect to the second point, this court is unaware of any |
| 8 | authority supporting the proposition that prison official's failure to comply with their own internal |
| 9 | deadlines automatically waives the exhaustion requirement. *See e.g., Mills v. Mitchell*, No. 16- |
| 10 | cv-5095-HSG, 2018 U.S. Dist. LEXIS 44768 *23-24, 2018 WL 1400427 (N.D. Cal. Mar. 19, |
| 11 | 2018) ("To the extent that Plaintiff is arguing that his administrative remedies should be |
| 12 | considered exhausted because Defendants failed to complete the modification orders within the |
| 13 | prescribed deadlines, the Court is unaware of any Ninth Circuit precedent finding such an |
| 14 | exception."). |
| 15 |      Plaintiff also argues that exhaustion was unavailable to him. This argument, as the best |
| 16 | the court can discern, is nothing more than a second front for disputing prison officials' |
| 17 | compliance with their own deadlines. ECF No. 49 at 6-8. Regardless, the record shows that |
| 18 | plaintiff was able to fully exhaust several grievances over the course of 2017. ECF No. 39-4 at 9- |
| 19 | 10. And, had he waited two weeks before filing this suit, he would have received a final |
| 20 | administrative decision on the relevant claim. Thus, the court cannot conclude that prison |
| 21 | officials thwarted exhaustion or made it unavailable to plaintiff. |
| 22 | ///// |
| 23 | ///// |

---

[2] Plaintiff's point in referencing an August 24 "due" date as being in consistent with an August 25 "close" date is not entirely clear. But it in no way undermines the key fact that he commenced this action eleven days before he received a final administrative denial of his grievance.

[3] Gates is a Chief in the Health Care and Appeals Branch of California Correctional Health Care Services. ECF No. 39-4 at 1.

Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant Clark Barlow's motion for summary judgment (ECF No. 39) be GRANTED;
2. Plaintiff's claim against her be DISMISSED without prejudice for failure to exhaust administrative remedies; and
3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 17, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE